JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *MMassey@GGTrialLaw.com*

Attorneys for Plaintiff
Anna Romeo

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANNA ROMEO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHEWY, INC., a Delaware corporation;<br>JOHN ROBBY, an individual,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(2) DISCRIMINATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(3) HARASSMENT (N.R.S. § 613.330);**<br><br>**(4) HARASSMENT (42 U.S.C. § 2000e *et seq.*);**<br><br>**(5) RETALIATION (N.R.S. § 613.340);**<br><br>**(6) RETALIATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(7) ASSAULT;**<br><br>**(8) BATTERY;**<br><br>**(9) NEGLIGENT SUPERVISION & RETENTION.**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Anna Romeo ("Plaintiff" or "Ms. Romeo") alleges as follows:

## NATURE OF THE ACTION

1.     Ms. Romeo began working for Defendant Chewy, Inc. as a Forklift Operator in March 2023. In February 2025, coworker John Robby assaulted Ms. Romeo during a car ride home from work. On or about June 23, 2025, Ms. Romeo filed a formal sexual harassment complaint. On or about July 30, 2025, Chewy terminated Ms. Romeo's employment on a pretextual basis. In reality, Chewy terminated Ms. Romeo's employment in discrimination based on her sex and in retaliation for her protected activities.

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq.* (Title VII).The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in the District of Nevada in the Northern Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Washoe County, Nevada.

## PARTIES

4.     Plaintiff is and was at all relevant times herein, a resident of Washoe County, Nevada.

5.     Defendant Chewy, Inc. ("Chewy") is a Delaware corporation that conducts business in Washoe County, Nevada.

6.     Defendant John Robby ("Robby") is an individual who resides in Washoe County, Nevada.

7.     Defendants Chewy and Robby will be hereafter referred to as "Defendants."

## FACTUAL ALLEGATIONS

8.     On or about March 6, 2023, Ms. Romeo began working as a Forklift Operator for Chewy at its distribution facility located in Reno, Nevada. Throughout her tenure working for Chewy, Ms. Romero received steady raises due to her meritorious performance.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

9. In or around February 2025, Ms. Romeo's coworker, John Robby, assaulted her during a car ride home from work. Mr. Robby repeatedly grabbed Ms. Romeo's hand and placed it on his genitals without her consent.

10. On or about June 23, 2025, Ms. Romeo filed a formal written sexual harassment complaint with Chewy's HR Manager detailing the February 2025 sexual assault.

11. On or about July 9, 2025, Chewy moved Ms. Romeo to a different shift and reduced her pay.

12. On or about July 30, 2025, Chewy terminated her employment on a pretextual basis. In reality, Chewy terminated Ms. Romeo's employment in discrimination based on her sex and in retaliation for her protected activities.

13. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Romeo is a woman. Ms. Romeo engaged in protected activity by filing a formal complaint of sexual harassment with Chewy's Human Resources department.

14. *Exhaustion of Administrative Remedies:* On November 26, 2025, Plaintiff timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On November 28, 2025, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

15. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.005, 42.007.)

16. *Reckless Indifference and Conscious Disregard*: Defendant Chewy Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Chewy Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

17. *Malice*: The conduct of Defendant Chewy Inc. was committed with malice, including that (a) Defendant Chewy Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct

-3-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

of Defendant Chewy Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

18.    *Oppression:* In addition, and/or alternatively, the conduct of Defendants was committed with oppression, including that the actions of Defendant Chewy against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

19.    *Fraud:* In addition, and/or alternatively, the conduct of Defendant Chewy, as alleged, was fraudulent, including that Defendant Chewy asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and depriving her of legal rights or otherwise injuring Plaintiff.

20.    Further, Defendant Chewy is liable for the wrongful acts of its employees, including its supervisory personnel and Defendant Robby because Defendant Chewy had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Anna Romeo against Defendant Chewy, Inc.)

21.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

22.    Plaintiff was employed by Defendant Chewy, as defined by N.R.S. § 613.310. As an employer, Chewy is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330, *et seq.* Further, Defendant Chewy must provide a workplace free of discrimination on the basis of these protected statuses.

23.    The acts and omissions of Defendant Chewy, as more fully set forth herein,

constituted discrimination within the meaning of N.R.S. § 613.330.

24. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

25. Plaintiff was qualified for her position as evidenced by the numerous performance-based merit increases she received during her tenure working for Chewy.

26. Defendant Chewy took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to transfer Plaintiff to a different shift and pay her less, terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

27. Other similarly situated employees were treated more favorably than Plaintiff, including but not limited to the preferential treatment of Defendant Robby.

28. Defendant Chewy discriminated against the Plaintiff based on her protected status or statuses.

29. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

30. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

31. The acts of Defendant Chewy alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Chewy, and to make an example of and deter Defendant Chewy from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

### Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.*

### (Plaintiff Anna Romeo against Defendant Chewy, Inc.)

32. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

33. Plaintiff was an employee of Defendant Chewy, as defined by 42 U.S.C. § 2000e(b). As an employer, Chewy is barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status. Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

34. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

35. Plaintiff was qualified for her position as evidenced by the numerous performance-based merit increases she received during her tenure working for Chewy.

36. Defendant Chewy took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to transfer Plaintiff to a different shift and pay her less, terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

37. Other similarly situated employees were treated more favorably than Plaintiff, including but not limited to the preferential treatment of Defendant Robby.

38. The discriminatory acts of Defendant Chewy have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

39. The acts of Defendant Chewy alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of

-6-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

punitive and exemplary damages in an amount sufficient to punish Defendant Chewy, and to make an example of and deter Defendant Chewy from engaging in such conduct in the future.

40.    Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## THIRD CLAIM FOR RELIEF

### Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.*

### (Plaintiff Anna Romeo against Defendant Chewy, Inc.)

41.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

42.    Plaintiff was employed by Defendant Chewy.

43.    The acts and omissions of Defendant Chewy, as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

44.    Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

45.    Plaintiff was subjected to jokes, sexual advances, unconsented physical touching, other verbal comments, and/or intimidation based on her protected status or statuses.

46.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

47.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

48.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

49.    Defendant Chewy had a duty to prevent and promptly correct the harassing behavior.

Defendant Chewy breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Chewy similarly breached its duty by failing to remedy the harassment.

50. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

51. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Chewy, and to make an example of and deter Defendant Chewy from engaging in such conduct in the future.

52. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### FOURTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of 42 U.S.C. § 2000e** *et seq.*

**(Plaintiff Anna Romeo against Defendant Chewy, Inc.)**

53. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

54. Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

55. Plaintiff was an employee of Defendant Chewy, as defined by 42 U.S.C. § 2000e(b). As an employer, Defendant Chewy is barred from discriminating against any person or creating an abusive or hostile work environment on the basis of a protected status as set forth in 42 U.S.C. § 2000e-2(a)(1).

56. Plaintiff was subjected to jokes, sexual advances, unconsented physical touching,

-8-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

other verbal comments, and/or intimidation based on her protected status or statuses.

57. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

58. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

59. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

60. Defendant Chewy had a duty to prevent and promptly correct the harassing behavior. Defendant Chewy breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Chewy similarly breached its duty by failing to remedy the harassment.

61. The acts alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

62. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Chewy, and to make an example of and deter Defendant Chewy from engaging in such conduct in the future.

63. Plaintiff has incurred and will continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**FIFTH CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Anna Romeo against Defendant Chewy, Inc.)**

64.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

65.     Plaintiff was employed by Defendant Chewy.

66.     Plaintiff engaged in protected activity.

67.     Defendant Chewy was aware of Plaintiff's protected activity.

68.     After engaging in protected activity, Plaintiff suffered an adverse employment action.

69.     There is a causal connection between Plaintiff's protected activity and the adverse employment action.

70.     The conduct of Defendant Chewy alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

71.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Chewy, and to make an example of and deter Defendant Chewy from engaging in such conduct in the future.

72.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

-10-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## SIXTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 2000e *et seq.*

### (Plaintiff Anna Romeo against Defendant Chewy, Inc.)

73. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

74. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting discrimination and harassment based on a protected status.

75. Plaintiff was an employee, as defined by 42 U.S.C. § 2000e(f).

76. Defendant Chewy is an employer, as defined by 42 U.S.C. § 2000e(b), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 2000e et seq.

77. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 2000e *et seq*.

78. As a result of Plaintiff's complaints regarding, and opposition to, these unlawful practices, Defendant Chewy engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

79. The conduct of Defendant Chewy constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment.

80. The conduct of Defendant Chewy alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

81. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Chewy, and to make an example of and deter

Defendant Chewy from engaging in such conduct in the future.

82. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

83. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## SEVENTH CLAIM FOR RELIEF

### Assault

**(Plaintiff Anna Romeo against Defendants Chewy, Inc. and John Robby)**

84. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

85. Defendant Robby willfully and intentionally engaged in conduct that placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact.

86. At the time of these actions, Plaintiff reasonably believed that she was in immediate danger of being physically harmed by the conduct of Defendant Robby.

87. These actions were intentional, malicious, and done with the purpose of causing Plaintiff to fear imminent harm.

88. Defendant Chewy is vicariously liable for Defendant Robby's conduct.

89. As a direct and proximate result of the actions of Defendant Robby Plaintiff has suffered and continues to suffer damages, including, but not limited to, emotional distress, fear, anxiety, and mental anguish.

90. Plaintiff is entitled to compensatory damages for the injuries and harm suffered as a result of the conduct of Defendant Chewy and Defendant Robby.

91. The acts of Defendants alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and

exemplary damages in an amount sufficient to punish Defendants and to make an example of and deter Defendants from engaging in such conduct in the future.

### EIGHTH CLAIM FOR RELIEF

**Battery**

**(Plaintiff Anna Romeo against Defendants Chewy, Inc. and John Robby)**

92.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

93.     Defendant Robby willfully and intentionally made harmful or offensive contact with Plaintiff's person without Plaintiff's consent.

94.     Plaintiff did not consent to the contact made by Defendant Robby.

95.     Defendant Chewy is vicariously liable for Defendant Robby's conduct.

96.     The actions of Defendants were intentional, malicious, and done with the knowledge that such contact was harmful or offensive to Plaintiff. As a direct and proximate result of these actions, Plaintiff has suffered and continues to suffer damages, including, but not limited to, physical injury, pain, suffering, emotional distress, and medical expenses. Plaintiff is entitled to compensatory damages for the injuries and harm suffered as a result of the conduct of Defendants.

97.     The acts of Defendants alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants and to make an example of and deter Defendants from engaging in such conduct in the future.

### NINTH CLAIM FOR RELIEF

**Negligent Supervision & Retention**

**(Plaintiff Anna Romeo against Defendant Chewy, Inc.)**

98.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

99.     Plaintiff was employed by Defendant Chewy.

-13-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

100.    Defendant Chewy had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

101.    Defendant Chewy breached this duty by: (a) Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; (b) Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; (c) Failing to investigate complaints or reports of misconduct by employees; and (d) Retaining employees known or should have known were engaging in unlawful practices.

102.    As a direct and proximate result of the actions of Defendant Chewy, Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

103.    Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

104.    The acts of Defendant Chewy alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Chewy, and to make an example of and deter Defendant Chewy from engaging in such conduct in the future.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-14-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiff would have received but for Defendant's wrongful conduct;

2.      Emotional distress damages;

3.      Equitable relief and declaratory relief;

4.      Punitive and exemplary damages in an amount sufficient to punish Defendants, and to make an example of and deter Defendant from engaging in such conduct in the future;

5.      For an award of reasonable attorneys' fees and costs incurred in this action;

6.      For pre-judgment and post-judgment interest, as provided by law; and

7.      For other and further relief as the Court may deem just and proper.

DATED: January 20, 2026                          **GREENBERG GROSS LLP**

By:          */s/ Jemma E. Dunn*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888

*Attorneys for Plaintiff Anna Romeo*

-15-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Anna Romeo hereby demands a jury trial.

DATED: January 20, 2026                **GREENBERG GROSS LLP**


By:            */s/ Jemma E. Dunn*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888

*Attorneys for Plaintiff Anna Romeo*

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL